# IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

**EDNA BERRY**                                                                         **PLAINTIFF**

**VS.**                                                      CAUSE NO.: A2301-2025-0038

**WAL-MART STORES EAST, LP AND**
**JOHN DOES 1-10**                                           **DEFENDANTS**

FILED MAR 10 2025
KENDRA NECAISE
CIRCUIT CLERK, HANCOCK CO.
BY_____ D.C.

## COMPLAINT
## (JURY TRIAL REQUESTED)

COMES NOW, the Plaintiff, Edna Berry, by and through her counsel of record, and files this Complaint against Wal-Mart Stores East, LP, and John Does 1-10 (hereinafter sometimes referred to as Defendants) and in support thereof states as follows:

## I. PARTIES

1. The Plaintiff is an adult resident citizen of Hancock County, Mississippi, and presently resides at 10 Bay Park Way, Apartment 157, Bay St. Louis, Mississippi 39520.

2. The Defendant, Wal-Mart Stores East, LP, is a Limited Partnership incorporated in the State of Delaware, its principal office in Arkansas, and doing business in the State of Mississippi, whose agent for service of process is C.T. Corporation System located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232 or wherever they may be found.

3. Defendants, John Does 1-10, are other Defendants whose names, whereabouts, and/or involvement are at this time unknown to the Plaintiff but who may be added at a later date. John Does 1-10 include owners, operators, managers, and all other entities, corporate and/or individuals of the Defendant, Wal-Mart Stores East, LP, and/or owners, operators, managers of entities responsible for the maintenance and cleaning of the store and or other persons, entities, and/or corporations that were in some manner negligent regarding inspection, maintenance and or cleaning of the subject store and proximately are responsible for the events and happenings alleged in this Complaint and for Plaintiff's injuries and damages.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction of the parties and the subject matter of this action. Venue is proper as this civil action arises out of negligence acts and omissions committed in Hancock County, Mississippi, and the cause of action occurred and/or accrued in Hancock County, Mississippi.

## III. FACTS

5. The Plaintiff adopts and herein incorporates by reference every allegation as set forth above.

6. At all times mentioned in this Complaint, the Defendant managed, leased, owned and/or operated the store located at 460 US-90, Waveland, Mississippi 39576.

7. On June 19, 2022, the Plaintiff was walking into the Defendant's restroom in the store located at 460 US-90 in Waveland, Mississippi. As she entered the bathroom, she slipped and fell due to water flooding the floor. The water appeared to be standing water, making it difficult for her to see. The manager on duty stated a pipe had burst in the restroom. As a result of her fall, Plaintiff hit her head and landed on her right side sustaining injuries, including but not limited to, a slipped disc on the left side of her neck. The full extent of her injuries is currently unknown.

## COUNT 1- PREMISES LIABILITY

8. Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through seven (7) as if fully set forth herein.

9. The Defendant, as owner and/or operator of the store, owed a duty to the Plaintiff to keep the premises in a reasonably safe condition, to warn the Plaintiff of any dangerous conditions not readily apparent of which it knew or should have known in the exercise of

reasonable care, to conduct reasonable inspections to discover dangerous conditions existing on the premises, and to correct any such dangerous conditions.

10. The Defendant as owner and or/operator breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to dry the floor of the restroom, which was wet from water flooding, thus creating a hazard to members of the public utilizing said premises, including Plaintiff herein, and creating an unreasonably unsafe condition for Plaintiff;

   b) Negligently failing to maintain or adequately maintain the floor of the restroom, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, and creating an unreasonably dangerous condition for Plaintiff;

   c) Negligently creating a slip and fall hazard due to the water flooding on the floor of the restroom, thus creating an unreasonably dangerous condition for Plaintiff;

   d) Negligently failing to inspect or adequately inspect the restroom floor to ascertain whether the water flooding constituted a hazard to patrons utilizing the restroom, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   e) Negligently failing to inspect or adequately warn the Plaintiff of the danger posed by the flooded floor of the restroom, when Defendant knew or should have known, through the exercise of reasonable care, that the premises were unreasonably dangerous and that Plaintiff was unaware of the same;

   f) Negligently failing to inspect or adequately inspect the restroom of the store for water flooding on the floor, thus creating an unreasonably dangerous condition for Plaintiff;

   g) Negligently failing to correct and/or inspect and/or maintain and/or repair and/or adequately address the unreasonably dangerous condition of the flooded restroom floor when such conditions were either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

   h) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the store's restroom floor for hazardous conditions caused by flooding;

i) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or clean the Defendant's restroom floor for dangerous conditions caused by water flooding or other hazards;

j) Negligently failing to follow its own corporate policy(ies) regarding the identification and response to dangerous conditions, including water flooding, within the restroom;

k) Negligently failing to have adequate policies in place to identify dangerous conditions, such as water flooding, that may have accumulated on the restroom floor, despite prior knowledge of slip and fall incidents caused by transitory foreign substances or other hazardous conditions that were not timely identified by Defendant's employees and corrected/remedied, or for which notice was not provided to residents at the premises;

l) Negligently failing to act reasonably under the circumstances;

m) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

n) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community; and

o) Negligently failing to maintain and provide safe conditions within the subject premises.

### COUNT II- NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE

11. Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through ten (10) as if fully set forth herein.

12. At said time and place, Defendant owned, controlled, and/or possessed the business premises.

13. At said time and place, and by virtue of their ownership, control, and/or possession of the premises, Defendant owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

14. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a) Negligently failing to dry the floor of the restroom, which were wet from water flooding, thus creating a hazard to members of the public utilizing said premises, including Plaintiff herein, and creating an unreasonably unsafe condition for Plaintiff;

b) Negligently failing to maintain or adequately maintain the floor of the restroom, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, and creating an unreasonably dangerous condition for Plaintiff;

c) Negligently creating a slip and fall hazard due to the water flooding on the floor of the restroom, thus creating an unreasonably dangerous condition for Plaintiff;

d) Negligently failing to inspect or adequately inspect the restroom floor to ascertain whether the water flooding constituted a hazard to patrons utilizing the restroom, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

e) Negligently failing to inspect or adequately warn the Plaintiff of the danger posed by the flooded floor of the restroom, when Defendant knew or should have known, through the exercise of reasonable care, that the premises were unreasonably dangerous and that Plaintiff was unaware of the same;

f) Negligently failing to inspect or adequately inspect the restroom of the store for water flooding on the floor, thus creating an unreasonably dangerous condition for Plaintiff;

g) Negligently failing to correct and/or inspect and/or maintain and/or repair and/or adequately address the unreasonably dangerous condition of the flooded restroom floor when such conditions were either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

h) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the store's restroom floor for hazardous conditions caused by flooding;

i) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or clean the Defendant's restroom floor for dangerous conditions caused by water flooding or other hazards;

j) Negligently failing to follow its own corporate policy(ies) regarding the identification and response to dangerous conditions, including water flooding, within the restroom;

k) Negligently failing to have adequate policies in place to identify dangerous conditions, such as water flooding, that may have accumulated on the restroom floor, despite prior knowledge of slip and fall incidents caused by transitory foreign substances or other hazardous conditions that were not timely identified by Defendant's employees and corrected/remedied, or for which notice was not provided to residents at the premises;

l) Negligently failing to act reasonably under the circumstances;

m) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

n) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community; and

o) Negligently failing to maintain and provide safe conditions within the subject premises.

15. Further, Defendant was negligent through the actions and inactions of it's agents, representatives, and/or employees. The negligence of the Defendant includes, but is not necessarily limited to, the following:

a) Failure to adequately inquire into the competence of employees and/or others, if any, that were responsible for maintaining safe conditions in the restroom, including liquid on the floor;

b) Failure to adequately train and supervise employees and/or others, if any, that were responsible for maintaining safe conditions in the building, including liquid on the floor;

c) Failure to comply with industry standards/regulations and the law of the State of Mississippi; and

d) Other acts of negligence to be shown at the trial of this cause.

16. Defendant's breach of these duties proximately caused Plaintiff to suffer serious bodily injury and economic damages, including, but not limited to, the following:

a) past, present, and future physical pain and suffering;

b) past, present, and future medical expenses;

c) past, present, and future loss of enjoyment of life;

d) past, present and future mental and emotional pain and suffering;

e) permanent physical restrictions, limitations, and/or disability;

f) aggravation of pre-existing condition; and

g) any other damages allowed by Mississippi law.

## PRAYER OF RELIEF

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, Edna Berry, requests a trial by jury and demands damages including actual, compensatory, consequential, and incidental damages, for physical injuries; past, present, and future physical and emotional pain and suffering, past, present, and future medical expenses; and any other special damages that may be incurred by the Plaintiff, together with prejudgment and post judgment interest, attorney's fees, costs of suit and any further relief as the Court may deem proper.

RESPECTFULLY SUBMITTED, this the 26TH day of February, 2025.

EDNA BERRY, PLAINTIFF

BY: _____
HARRY M. McCUMBER ESQ.

OF COUNSEL:

HARRY M. McCUMBER, (MSB# 10632) ESQ.
Morgan & Morgan, PLLC
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Telephone: (601) 718-0921
Fax: (601) 503-1625
Email: hmccumber@forthepeople.com
*Attorney for Plaintiff*

## IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

**EDNA BERRY**                                                   **PLAINTIFF**

**VS.**                                                CAUSE NO.: A2301-25-0038

**WAL-MART STORES EAST, LP AND**
**JOHN DOES 1-10**                                              **DEFENDANTS**

### SUMMONS

**STATE OF MISSISSIPPI**
**COUNTY OF HANCOCK**

TO:   Wal-Mart Stores East, LP
      c/o C.T. Corporation System
      645 Lakeland East Drive
      Suite 101
      Flowood, Mississippi 39232
      Or wherever they may be found

### NOTICE TO DEFENDANT

**THE COMPLAINT AND DISCOVERY WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Harry M. McCumber, Esq., attorney for the Plaintiff, whose address is MORGAN & MORGAN, PLLC, 4450 Old Canton Road, Suite 200, Jackson, Mississippi 39211. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. Your written responses to the Discovery which is simultaneously being served with the Complaint must be mailed or delivered within forty-five (45) days from the date of delivery of this Summons and Complaint.

You must also file the original of your responses with the Clerk of this Court within a reasonable time afterward.

Issued, under my hand and the seal of said Court, this _16_ day of _March_, 2025.

Pg 1.

**HONORABLE KENDRA NECAISE**
**HANCOCK COUNTY CIRCUIT**
**CLERK**

By: _____

[Seal: KENDRA NECAISE, HANCOCK COUNTY CIRCUIT CLERK]

Pg 2

EXHIBIT "A"



**CT Corporation**
**Service of Process Notification**
04/14/2025
CT Log Number 548894907

## Service of Process Transmittal Summary

**TO:** KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:** **Process Served in Mississippi**

**FOR:** Wal-Mart Stores East, LP  (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: BERRY EDNA // To: Wal-Mart Stores East, LP |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), First Set of Interrogatories, First Set of Requests |
| **COURT/AGENCY:** | HANCOCK COUNTY - CIRCUIT COURT, MS<br>Case # 23CI125CV00038 |
| **NATURE OF ACTION:** | Personal Injury - 06/19/2022, store located at 460 US-90 in Waveland, Mississippi |
| **PROCESS SERVED ON:** | C T Corporation System, Flowood, MS |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/14/2025 at 15:11 |
| **JURISDICTION SERVED:** | Mississippi |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days of the date of delivery (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Harry M. McCumber<br>MORGAN & MORGAN PLLC<br>4450 Old Canton Road, Suite 200<br>Jackson, MS 39211<br>601-718-0921 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/15/2025, Expected Purge Date: 04/25/2025<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>645 Lakeland East Drive<br>Suite 101<br>Flowood, MS 39232<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

EXHIBIT "A"



**CT Corporation**
**Service of Process Notification**
04/14/2025
CT Log Number 548894907

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT "A"

**Wolters Kluwer**

# PROCESS SERVER DELIVERY DETAILS

**Date:** Mon, Apr 14, 2025
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | WAL-MART STORES EAST, LP |
| Case Number | A2301250038 |
| Jurisdiction | MS |

| Inserts | | |
|---|---|---|
| | | |



Case 1:25-cv-00138-HSO-BWR   Document 1-1   Filed 05/14/25   Page 13 of 20
EXHIBIT "A"
Case: 23CI1:25-cv-00038   Document #: 5   Filed: 05/14/2025   Page 1 of 6

**IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI**

| | |
|---|---|
| EDNA BERRY, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   CASE NO. 23CI1:25-CV-00038 |
| | * |
| WAL-MART STORES EAST, LP AND | * |
| JOHN DOES 1-10 | * |
| | * |
| | * |
| Defendants. | * |

**ANSWER**

Defendant, Wal-Mart Stores East, L.P., (hereinafter "Wal-Mart"), answers Plaintiff's Complaint as follows with each numbered paragraph corresponding to the numbered paragraphs of Plaintiff's Complaint:

**I. PARTIES**

1. Wal-Mart is without knowledge and information sufficient to form a belief as to Plaintiff's age or residency but admits the same at the present time.

2. Wal-Mart Stores East, L.P. admits it is a foreign limited partnership authorized to do business in Mississippi and may be served via its registered agent.

3. As this paragraph is directed towards fictitious parties, no response is necessary from Wal-Mart. Wal-Mart denies that its owners, operators, managers, other entities, corporate or individual, of Wal-Mart were negligent, or proximately caused or contributed to cause the "events and happenings" alleged in Plaintiff's Complaint or Plaintiff's alleged injuries or damages. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

## II. JURISDICTION AND VENUE

4.      Wal-Mart admits that at the present time, this Court has jurisdiction and venue is proper. Wal-Mart denies that it committed "negligent acts or omissions" against Plaintiff, denies that its conduct was the proximate or contributing cause of this incident, and denies Plaintiff is entitled to any recovery in this matter.

## III. FACTS

5.      Wal-Mart re-alleges and incorporates by reference the foregoing paragraphs the same as though fully repeated herein.

6.      Wal-Mart admits that at all times pertinent herein, it operated the premises in Hancock County, Mississippi, where this incident allegedly occurred. To the extent this paragraph implies or asserts allegations against Wal-Mart the same are denied and strict proof thereof is demanded.

7.      Wal-Mart admits that on June 19, 2022, Plaintiff was present on its premises in Waveland, Mississippi. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's purpose for her presence at Wal-Mart, the allegations relating to the details of how this incident occurred, or Plaintiff's alleged damages and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

## COUNT 1- PREMISES LIABILITY

8. Wal-Mart hereby adopts and incorporates by reference its responses to the preceding paragraphs the same as though fully stated herein.

9. Wal-Mart admits that the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

10. Wal-Mart denies it breached any duty to Plaintiff, and specifically denies all allegations contained in subparts (a) through (o) and demands strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

## COUNT II- NEGLIGENCE UNDER NON-DELEGABLE DUTY DOCTRINE

11. Wal-Mart hereby adopts and incorporates by reference its responses to the preceding paragraphs the same as though fully stated herein.

12. Wal-Mart admits that at all times pertinent herein, it operated the premises in Hancock County, Mississippi, where this incident allegedly occurred. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

13. Wal-Mart admits that the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

14. Wal-Mart denies it breached any duty owed to Plaintiff, and denies its conduct constituted negligence, and specifically denies all allegations contained in subparts (a) through (o) and demands strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

Case 1:25-cv-00138-HSO-BWR   Document 1-1   Filed 05/14/25   Page 16 of 20
EXHIBIT "A"
Case: 23CI1:25-cv-00038   Document #: 5   Filed: 05/14/2025   Page 4 of 6

15.     Wal-Mart denies that its conduct was negligent and specifically denies all allegations contained in subparts (a) through (d) and demands strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

16.     Wal-Mart denies it breached any duty owed to Plaintiff, denies that its conduct was negligent, and denies its conduct was the direct and proximate cause or contributing cause of this alleged incident and demands strict proof thereof. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's medical condition or alleged injuries and, therefore, must deny the same, including the allegations in subparts (a) through (g), and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

## PRAYER FOR RELIEF

Wal-Mart denies the allegations contained in the unnumbered paragraph following paragraph 16 which begins "WHEREFORE, PREMISES CONSIDERED" and specifically denies that the Plaintiff is entitled to any recovery whatsoever.

## AFFIRMATIVE DEFENSES

1.      Defendant denies each and every material allegation of Plaintiff's Complaint not otherwise addressed and demands strict proof thereof.

2.      Plaintiff was guilty of negligence that caused or contributed to cause the injuries about which she complains.

3.      The alleged hazard about which Plaintiff complains was open and obvious thereby obviating a duty to warn and precluding Plaintiff from recovering damages under Mississippi law.

4.      Defendant did not have notice of the alleged hazard about which Plaintiff complains, and therefore, under Mississippi law, Defendant owed Plaintiff no duty to eliminate the alleged hazard.

5. No act or omissions of this Defendant was the proximate cause of any injury to Plaintiff.

6. Defendant owed Plaintiff no duty as alleged, the breach of which caused or contributed to the cause of the Plaintiff's injuries.

7. Plaintiff's injuries and damages were the result of an intervening and/or superseding cause; therefore, Plaintiff should not recover from Defendant.

8. Defendant respectfully demands credit for any and all monies paid to, or on behalf of, Plaintiff from any and all collateral sources.

9. Plaintiff, in whole or in part, failed to mitigate her alleged damages and, therefore, is precluded from recovery.

10. Plaintiff's alleged damages are the result of a condition and/or injury which predates the incident made the basis of her Complaint and having no causal relationship with this Defendant.

11. Plaintiff's Complaint fails to state a cause of action against Wal-Mart Stores East, LP upon which relief can be granted.

12. Plaintiff's claims are barred, in whole or in part, because she failed to undertake the precautions that a reasonably prudent person would take to protect against dangers which a reasonably careful person would reasonably appreciate under the same or similar circumstances.

13. Plaintiff assumed the risk associated with her actions and therefore her claims against this Defendant fails.

14. Plaintiff assumed the risk of conditions present and the dangers inherent therein.

15. Defendant reserves the right to add and/or supplement these affirmative defenses as discovery in this matter has not yet begun.

**DEFENDANT DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted on May 15, 2025.

/s/ W. Pemble DeLashmet
W. PEMBLE DELASHMET (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND     (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET (MS 2896)
mmd@delmar-law.com
*Attorneys for Defendant Wal-Mart Stores East, LP*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:   (251) 433-1577
Facsimile:    (251) 433-7994

CERTIFICATE OF SERVICE

I hereby certify that I have on this day May 14, 2025, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Harry M. McCumber
Morgan & Morgan, P.A.
4450 Old Canton Road, Suite 200
Jackson, MS 39211

/s/ W. Pemble DeLashmet
OF COUNSEL

## IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

| | |
|---|---|
| EDNA BERRY, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   CASE NO. 23CI1:25-CV-00038 |
| | * |
| WAL-MART STORES EAST, LP AND | * |
| JOHN DOES 1-10 | * |
| | * |
| | * |
| Defendants. | * |

## NOTICE OF REMOVAL

TO:   Circuit Court Clerk Kendra Necaise
HANCOCK COUNTY-CIVIL DIVISION
152 Main Street, Suite B
Bay Saint Louis, MS 39520

There is hereby filed with you a copy of the Notice of Removal filed by Defendant WAL-MART STORES EAST, L.P. ("Wal-Mart"), through undersigned counsel, in the case styled "*Edna Berry, Plaintiff v. Wal-Mart Stores East, LP.*" Civil Action No. 23CI1:23-CV-000387, and designed to remove that action to the United States District Court for the Southern District of Mississippi, Southern Division. This Notice of Removal was sent for filing in the United States District Court for the Southern District of Mississippi, Southern Division, on 14th day of May, 2025.

Written notice of the filing of said Notice of Removal was given to the attorneys of record for plaintiff herein by service via U.S. mail on 14th day of May, 2025, and you are hereby notified that the filing of a copy of the aforesaid Notice with you as Clerk of the Circuit Court of Hancock County,

Mississippi, effects removal of said cause to the United States District Court for the Southern District of Mississippi, Southern Division.

/s/ W. Pemble DeLashmet
W. PEMBLE DELASHMET (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND     (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET (MS 2896)
mmd@delmar-law.com
*Attorneys for Defendant Wal-Mart Stores East, LP*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:   (251) 433-1577
Facsimile:   (251) 433-7994

CERTIFICATE OF SERVICE

    I hereby certify that I have on this day May 14, 2025, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Harry M. McCumber
Morgan & Morgan, P.A.
4450 Old Canton Road, Suite 200
Jackson, MS 39211

/s/ W. Pemble DeLashmet
OF COUNSEL